## STATE *v.* T. R. LUPTON.

No one is to be regarded as a *prosecutor*, under the Statute rendering prosecutors liable to pay costs, unless his name is *marked as such* on the bill of indictment.

MISDEMEANOR, in altering the mark of cattle, tried before *Jones, J.*, at Spring Term, 1869, of the Superior Court of BEAUFORT.

After a verdict of "not guilty," the defendant's counsel moved that Thomas R. Lupton, as prosecutor, be made to pay the costs. It was objected on the part of Lupton that he was not marked as prosecutor, and his Honor was asked to inspect the record and pronounce whether or not he was so marked. Upon inspection his Honor declared that the Governor was not marked as prosecutor, as is usual; but declined to say whether Lupton was so marked or not; holding that as Lupton's name appeared marked on the back of the bill of indictment first *under* the word "Pros.," as he had gone before the grand jury which found the bill, and as he had employed counsel to aid the Solicitor for the State in prosecuting, he would be recognized as prosecutor and held liable to pay the costs.

To this ruling Lupton excepted; the exception was overruled, and he appealed.

*Carter*, for appellant.
*Attorney General*, contra.

DICK, J. Previous to the adoption of the Code of Civil Procedure, the power of the Court to order the prosecutor in criminal cases to pay costs, was regulated by Statute, and limited to a certain class of cases (Rev. Code, ch. 35, sec. 37,) and the construction of this Statute has been well settled by the adjudication of this Court.

Prosecutions for public offences are now defined as criminal actions (C. C. P., sec. 5,) and no person is regarded as a prosecutor unless he is so marked on the bill of indictment.

When a prosecutor is thus made party to an action for *any* kind of criminal offence he becomes liable under certain cir-cumstances to pay all costs of the action. Amendment to ch. 21, C. C. P., sec. 559.

His Honor in the Court below did not determine the question, whether or not the witness Lupton was marked as prose-cutor. This was a preliminary question which he was bound to decide in the affirmative before he had the power to render judgment against the witness as a prosecutor.

The judgment below must be reversed, so that his Honor, after deciding the preliminary question referred to, may exercise his discretion in the matter. Let this be certified.

PER CURIAM.                                     Judgment reversed.