The plaintiff held a note upon both of the testators of the defendant, given during the late war, and payable in Confederate money. Both of the testators died during the war, leaving each a last will and testament, which have been duly proved in Union County. The defendant Cureton qualified as the executor of W. J. Cureton, and the defendant Yarboro qualified as the executrix of G. W. Yarboro.
The plaintiff instituted an action against the defendant at Fall Term, 1867, of Union Superior Court.
The case came on for trial at Fall Term, 1869, being No. 32, of the civil issue docket of that term. The only plea relied on was "Fully administered." No jury was impaneled, but judgment was entered up as follows: "Judgment according to note, subject to scale, and subject to the same order as in No. 1." The case No. 1, referred to, was a case entitled,D. A. Covington v. Hampton Huntley and Ellison Huntley, Executors of ThomasHuntley, in which case at Fall Term, 1868, the following entries appear:
"General issue; specially, the executors of thomas Huntley (598) plead; Former judgment of debts of equal dignity before notice; Retainer; Fully administered; Property sold by authority of Act of Assembly; and bonds and notes not yet collected.
Judgment according to note filed.
"It is ordered by the court that no execution issue against the defendants Ellison and John Huntley, Executors of Thos. Huntley, deceased, until further proceedings are had before the clerk to ascertain the state of the assets of their testator."
It is stated by way of explanation of the judgment and order in No. 1, that the plea of "general issue" was not relied on, but only the protecting pleas of the executors and the order was made by the court under the idea that the Act of 1868-69, relating to estates of deceased persons was applicable to administrations granted before its passage. The effect of the judgment was merely to ascertain the debt, leaving the question of assets to be determined thereafter before the clerk. The course adopted in No. 1, was followed as a precedent, hence the reference thereto.
In 1870, upon proceedings properly instituted, in the Probate Court of Union County Cureton was removed from his office as executor and John N. Davis, the largest creditor of the testator, was appointed administrator debonis non with the will annexed of W. J. Cureton, deceased. And Davis, as administrator de bonis non, after notice to the plaintiff, Thomas D. Wolfe, moved the court to set aside the judgment *Page 449 
and order rendered at Fall Term, 1869, and reinstate the case so far as the estate of W. J. Cureton is concerned, upon the civil issue docket.
The plaintiff resisted the motion, and moved the court to reform the judgment nunc pro tunc as of Fall Term, 1869, into a judgment quando, as upon the admission of the plea, "fully administered."
His Honor upon the hearing directed the order made at Fall Term, 1869, to be stricken out, but refused the motion to set aside the judgment; and granted the motion of the plaintiff. (599)
From the ruling of the court, the defendant Davis appealed.
A judgment, however erroneous, rendered at one term, cannot be set aside at a subsequent term. But a judgment irregular, rendered at one term may be set aside at a subsequent term. (We are not speaking of the power under the Code of Civil Procedure to vacate a judgment within a year for mistake, etc., which is not applicable to our case.) An erroneous judgment is one rendered according to the course and practice of the courts, but contrary to law; as where it is for one party, when it ought to be for the other; or for too little, or too much. An irregular judgment is one contrary to the course and practice of the courts; as judgment without service of process.
In our case, the judgment against the defendant at Fall Term, 1869, was irregular, because there stood his plea of "fully administered" undisposed of. And therefore it may be set aside. Cowles v. Hayes, 69 N.C. 406. And his Honor erred in refusing to set it aside.
In granting the motion of the plaintiff to amend the record of Fall Term, 1869, by entering a judgment quando, nunc pro tunc, his Honor seems to have been of the opinion that the power to amend, embraces something more than simply making the record speak the truth — not only what was done, but what ought to have been done. But that is error. And as there was not in fact any judgment quando rendered at Fall Term, 1869, it would be improper to make the record say that there was.
There is error. this will be certified.
PER CURIAM. Judgment accordingly.
Cited: Moore v. Gidney, 75 N.C. 41; Bank v. McArthur, 82 N.C. 110;Wall v. Covington, 83 N.C. 145; Koonce v. Butler, 84 N.C. 223; Weaver v.Roberts, 84 N.C. 494; Stradley v. King, 84 N.C. 639; Hinsdale v. Hawley,89 N.C. 88; S. v. Horton, 89 N.C. 583; May v. Lumber Co., 119 N.C. 98;Banking Co. v. Duke, 121 N.C. 112; Stafford v. *Page 450 Gallop, 123 N.C. 21; Becton v. Dunn, 137 N.C. 562, 564; Flowers v. King,145 N.C. 235; Calmes v. Lambert, 153 N.C. 253; Mann v. Hall, 163 N.C. 60;Estes v. Rash, 170 N.C. 342; Lee v. McCracken, 170 N.C. 576; Rawls v.Henries, 172 N.C. 218; Finger v. Smith, 191 N.C. 819, 820; Harnett Countyv. Reardon, 203 N.C. 270; Henderson v. Henderson, 232 N.C. 12.
(600)