## STATE v. ABRAM CANNADY.

*Peace Warrant—Frivolous or Malicious Prosecution—Costs—Imprisonment of Prosecutor.*

1. A prosecutor in a peace-warrant can be ordered to pay costs where the prosecution is frivolous or malicious ; and if he fail to do so, he can be imprisoned therefor.
2. Neither a fine nor costs inflicted as a punishment is a *debt* within the meaning of the Constitution in relation to this matter.
3. The Legislature has the power to prescribe that the prosecutor in a criminal action may be made to pay costs, where the defendant is acquitted and the prosecution is frivolous or malicious.
4. There is nothing cruel or unusual in requiring a prosecutor in such case to pay costs.

(*State* v. *Lupton*, 63 N. C. 483 ; *State* v. *Darr*, Ibid. 516 ; *State* v. *Manuel*, 4 Dev. & Bat. 20. cited and approved.)

APPEAL from an Order made at January Term, 1878, of WAKE Criminal Court, by *Strong, J.*

A Peace Warrant was obtained at the instance and upon the oath of one Abram Cannady, and His Honor below after hearing the evidence of the prosecutor (Cannady), and that in behalf of one McCullers, (the defendant in the warrant), adjudged that the prosecution was without cause, frivolous and malicious on the part of Cannady, and ordered him to pay the costs of the proceeding, and to be held

in custody by the Sheriff until the same were paid. From which judgment the defendant appealed.

*Mr. T. P. Devereux.* who prosecuted in the Court below appeared with the *Attorney General,* for the State.
*Messrs. Bledsoe & Bledsoe,* for the defendant.

READE, J. The questions are, (1) can a prosecutor be ordered to pay costs where the prosecution is frivolous or malicious, and (2) be imprisoned therefor if he fail to pay ?

The statutes answer both questions in the affirmative: "The party convicted shall be always adjudged to pay the costs, and if the party charged be acquitted, the complainant shall be adjudged to the costs, and may be imprisoned for the non-payment thereof." Bat. Rev. ch. 35 § 132.

"If a defendant be acquitted, the costs shall be paid by the prosecutor, if any be marked on the bill, unless the Judge shall certify," &c. C. C. P. § 560; *State* v. *Lupton,* 63 N. C. 483; *State* v *Darr,* Ibid. 516. But then it is said that the statute is unconstitutional.

The Constitution provides that in a criminal prosecution no one shall be compelled " to pay costs unless found guilty." And that "no person shall be put to answer a criminal charge except by indictment, presentment or impeachment." And that "no one shall be convicted, but by the unanimous verdict of a jury." And that "there shall be no imprisonment for debt, except in cases of fraud." Const. Art. I. §§ 11, 12, 13, 16. And thence it is insisted that, as the prosecutor has not been indicted, and has not been convicted, he cannot be compelled to pay costs, if costs be regarded as a fine or punishment ; and even if indicted and convicted, and the costs be regarded, not as a fine or punishment, but as a debt, he cannot be imprisoned for debt in the absence of fraud.

The questions were well argued, and we have had some difficulty in arriving at a satisfactory conclusion.

It is manifestly the sense of the Constitution and of the statutes, that a *defendant* should not pay costs unless convicted. Why be more careful of the *defendant* than of the *prosecutor?* The answer is, that the acquittal of the defendant is substantially the conviction of the prosecutor, where the prosecution is frivolous or malicious. And the same section of the Constitution which provides that no one shall be convicted but by the verdict of a jury, provides further, " that the Legislature may provide other means of trial for petty misdemeanors, with the right of appeal." And so it is not a strained construction to say that the Legislature has prescribed another mode of trial for a petty misdemeanor, when it enables the Court to compel the prosecutor to pay costs, when he has frivolously or maliciously charged a man with crime, whom the jury acquits.

It is not with a prosecutor as it is with a defendant. A defendant is brought in whether he will or not, and ought not to pay costs unless convicted; but the prosecutor comes voluntarily. He is the actor with knowledge of the consequences of failure. He stipulates before hand that if his clamor be false, he will pay the costs. And if the defendant is acquitted, and the prosecution is adjudged to be frivolous or malicious, he stands guilty confessed, as if he had submitted or pleaded guilty, and there is no need of a jury to convict him.

It has too long been the practice both in England and America to make the prosecutors pay costs in such cases, to doubt its propriety; and we do not think it was the purpose of our Constitution to prohibit it.

It is insisted that the costs in a criminal prosecution are not a fine or punishment, but that they are a *debt;* and that there can be no imprisonment for debt.

In *State* v. *Manuel,* 4 Dev. and Bat. 20, it is said that fine and costs are both *punishment,* and that neither is a *debt* in the sense contemplated by the Constitution where the rela-

tion of debtor and creditor is meant. And manifestly where the judgment is that he pay a fine of so much and the costs, one is as much a punishment as the other. And where the judgment is, that he be imprisoned, for say so long, and pay the costs, our statute prescribes that when the term of imprisonment is out, he shall still remain in prison until he pay the costs, or be otherwise discharged according to law. Bat. Rev. ch. 35, § 129.

In *State* v. *Manuel*, *supra*, there is an exhaustive discussion of the questions involved by Judge GASTON in delivering the opinion of the Court. In that case the defendant was a free-negro, and was fined $20 for an assault and battery, and ordered to be hired out to pay the fine, under the statute then existing. His defence was threefold: 1st. That the fine was a *debt*, and that the Constitution forbids imprisonment for debt; 2d. That the fine was excessive, in that, it was laid and directed by the statute to be laid high enough to cover the costs, although the crime itself did not deserve so high a fine; 3d. That the punishment was cruel and unusual, in that, it directed the defendant to be *hired out*.

1. The conclusion arrived at on the first defence was, that a fine was not a debt within the meaning of the Constitution. That "the Constitution itself discriminates between debts and fines; it provides against unnecessary and wanton imprisonment for the *collection of debts*, but in regard to fines, its language is, excessive bail shall not be required, nor *excessive fines* imposed, nor cruel or unusual punishments inflicted. Here we find a fine classed where it ought to be, among the means used in the administration of *criminal justice* and in immediate connection with other punishment *imposed* or inflicted in the course of that administration. * The costs of a convicted offender are not a debt. *They are a part of the sentence of the Court. * From this review of our usages, legislative acts and judicial interpre-

tations of them, it follows, that the sentence pronounced against a convicted criminal, that he should pay the costs of prosecution, is as much a part of his punishment as the fine imposed *co nomine.*

2. In regard to the second defence, that the fine was excessive, in that, it required the fine to be high enough to cover the costs, although the crime itself might not deserve so high a fine, it was said, " that the Legislature had the power to prescribe that a convicted criminal should be fined to the amount of the costs ; that it was the peculiar province of the Legislature to declare what should be crimes and their punishments, and that the judiciary could not control the Legislature, except perhaps " which it would be almost indecent to suppose " the Legislature should grossly exceed its constitutional restraints ; that although " the language of the Bill of Rights is addressed *directly* to the judiciary for the regulation of their conduct in the administration of justice, it is the Courts that require bail, impose fines, and inflict punishment ; and they are required not to require excessive bail, not to impose excessive fines, not to inflict cruel or unusual punishments, and it would seem to follow that the command is addressed to them only in those cases where they have a discretion over the amount of bail, the quantum of fine, and the nature of the punishment. No doubt the principles of humanity sanctioned and enjoined in this section ought to command the reverence and regulate the conduct of *all* who owe obedience to the Constitution." But when the Legislature, whose peculiar duty it is to make laws, prescribed a punishment, the Courts were bound thereby, except perhaps in extraordinary cases, as that was not.

3. In regard to the third defence, that the punishment of hiring out was cruel and unusual, it was held that it was not, because a bond was taken from the hirer conditioned as an apprentice bond for his humane treatment, and the

well known relation of master and apprentice was established. And as we had no penitentiary or work house, it was appropriate and just to make a convict work out his fine instead of allowing him to go without punishment for his crimes.

So our opinion is; 1st.—That neither a fine nor costs inflicted as a punishment is a debt within the meaning of the Constitution in relation to this matter ; 2d—That the Legislature had the power to prescribe as it has done, that the prosecutor may be made to pay costs, where the defendant is acquitted and the prosecution is frivolous or malicious ; 3d—That there is nothing cruel or unusual in requiring a prosecutor, who has not been indicted and convicted by a jury, to pay costs, nor is it contrary to the Constitution, because it has long been the practice to do so, and because substantially he stands convicted by his false clamor and the acquittal of the defendant.

There is no error. This will be certified.

PER CURIAM.                                Judgment affirmed.