STATE v. JOHN COOLEY.

*Fine and Costs— When Discharged.*

Where a defendant, after conviction for an assault, confessed judgment with sureties to secure the fine and costs imposed, and execution issued and was returned unsatisfied, *it was held* that the original judgment was discharged, and that a motion to order the defendant again into custody until the fine and costs were paid, was properly refused.

(*Bryan* v. *Simonton*, 1 Hawks., 51; *State* v. *Love*, 1 Ire., 264; *State* v. *Simpson*, 1 Jones, 80, cited and approved.)

MOTION in a Criminal Action heard at Fall Term, 1878, of YADKIN Superior Court, before *Graves, J.*

The defendant was convicted upon an indictment for assault and battery at fall term, 1874, of said court, and adjudged to pay a fine of ten dollars and costs, and committed to the custody of the sheriff until the same were secured. Thereupon the defendant and two sureties confessed judgment to the state for the sum of fifty dollars to be discharged upon payment of the fine and costs. Execution was duly issued to the sheriff, and returned *nulla bona.* The defendant was then arrested on a *capias* and brought into court, and the solicitor for the state moved that he be ordered into custody until the said judgment was performed—payment of the fine and costs. His Honor refused the motion on the

ground that defendant had been discharged by the confession of judgment as aforesaid, which was a debt for the non-payment of which he could not be legally imprisoned. From this judgment, *Dobson*, solicitor for the state, appealed.

*Attorney General*, for the state.
No counsel for the defendant.

DILLARD, J.   We concur with His Honor in his judgment in this case.   It is well settled that if a party be arrested on a *capias ad satisfaciendum,* and he be set at liberty by the directions or with the assent of the creditor, the judgment on which the execution was issued was in law discharged, and no subsequent execution could be issued on the same.   This proceeds on the idea that the creditor has received a satisfaction by having once his debtor in execution.   *Bryan* v. *Simonton,* 1 Hawks, 51.

The only exception is in the case of the debtor who escapes with or without the consent of the sheriff, and the reason is, that the debtor is then not legally out of custody. In this case the defendant with his sureties confessed a judgment for fifty dollars to the state to be discharged on the payment of the fine and costs, and therefore he did not escape but was discharged by the sheriff.   In thus arranging the matter there was conformity to a practice which is very common on the circuits and is commended by humanity to the debtor, and by the fact that in many instances it is the only mode of securing the payment of the money. It has been expressly decided in this court that a party committed for fine and costs may confess a judgment to the state for the security thereof, as well as to an individual, and that the solicitor representing the state has power in the exercise of an honest discretion to secure the money in that way.   *State* v. *Love,* 1 Ire., 264.

Now in this case the record accompanying the judge's

statement contains the judgment of the court, and it is therein expressed in so many words that the defendant is ordered into custody "*until the fine and costs are secured*," and thus it would seem that the imprisonment of defendant was expected and designed to be terminated by the usual security of a confession of judgment with sureties, and that his discharge consequent thereon was with the consent of the solicitor and with the express sanction of the court.

The discharge of the defendant under the circumstances above recited, operated as we think as a satisfaction of the original judgment as effectually as a discharge of a debtor in a civil suit with the consent of the creditor would extinguish the judgment in that case. And we feel fortified in this conclusion by the ruling of this court in the case of *State* v. *Simpson*, 1 Jones, 80. In that case the party convicted was ordered into custody and he was permitted to go at large by the sheriff *without the sanction or consent of the solicitor*, and he was brought up and again ordered into custody, and the court decided it was admissible to order him into custody, and upon the ground that what was done was without the consent of the solicitor, and from the remarks of the judge delivering the opinion of the court, it is clear that if the discharge had been with the solicitor's consent, it would have been held a satisfaction of the orignal judgment in accordance with the rule in civil actions.

There is no error in the refusal of the judge to order the defendant into custody, and this will be certified that the court below may proceed in conformity to this opinion.

PER CURIAM.                                        No error.