STATE v. LEWIS SPENCER.

*Costs, taxing against prosecutor.*

The presence of a prosecutor to convict the defendant is in law a presence to answer the latter in costs for the false clamor, if the prosecution be adjudged frivolous; and a judgment entered against him for such costs is valid, though rendered in his absence and without notice.

(*State* v. *Lupton,* 63 N. C., 483; *State* v *Darr, Ibid.,* 516; *State* v. *Simpson,* 1 Jones, 80; *State* v. *Cooley,* 80 N. C., 398, cited and approved.)

APPEAL from an Order made at April Term, 1879, of NEW HANOVER Criminal Court, by *Meares, J.*

At February term, 1879, of said court the defendant was

indicted for a trespass upon the premises of Jere M. Hewlett, and upon the trial the jury returned a verdict of " not guilty." Hewlett was marked as prosecutor, and the court finding that the prosecution was frivolous and malicious, on motion of defendant's counsel, adjudged that the prosecutor pay the costs. The prosecutor was not present in court when the order was made taxing him with the costs, and at April term aforesaid moved to set aside said judgment on the ground that he was not present when it was rendered. The motion was denied, and the prosecutor Hewlett appealed.

*Attorney General*, for the State.
No counsel in this court for appellant.

DILLARD, J. One Lewis Spencer was indicted and tried at the criminal court of New Hanover, opened and held on the 2nd Monday in February, 1879, under Bat. Rev., ch. 32, § 3, and Jere M. Hewlett was duly endorsed on the bill of indictment as prosecutor.

After a verdict of not guilty, on motion of the accused, at the same term of the court, but not on the day in which the verdict was rendered, it was adjudged by the court, when the prosecutor was not personally present in court, that he pay the costs, including the fees of the witnesses summoned for the defendant, and afterwards, to-wit, at the next term of the court the prosecutor Jere M. Hewlett came into court and moved the vacation of the judgment and his discharge therefrom, which motion being overruled, he took an appeal to this court.

From the record and case of appeal sent up to this court, we collect that the prosecutor moved to set aside the judgment rendered against him on the ground that he was not present in court at the time, and therefore it is to be assumed that he was legally constituted prosecutor by being so marked on the bill and that he had no question to make as

to his liability for the costs, and the judgment was entered against him, except that the judgment was rendered when he was not present.

The question is, was it competent to the court to give judgment against the prosecutor when he was not present in court.

Jere M. Hewlett having been legally made prosecutor, as we are taking it to be conceded from the terms and scope of the motion, he was liable in the event of acquittal of Spencer to be adjudged to pay all the costs according to the statutes then existing and the decisions of this court. C. C. P., § 590; Acts 1874–'75, ch. 247; *State* v. *Lupton*, 63 N. C., 483, and *State* v. *Darr*, *Ibid.*, 516. And this liability might be adjudged immediately on the rendition of the verdict, and sometimes was, but usually it was later and might be at any time during the term; and the prosecutor being marked as such on the bill and therefore connected with the cause as a paity, it was his interest and duty to be in court, and in legal intendment he is to be taken as in court, at all times during the term. If adjudged to pay the costs, when present in court the prosecutor may be and generally is put into the custody of the sheriff by the express authority of a statute until he pay the same, or be therefrom discharged according to law. Bat. Rev., ch. 33, § 132. If not present, then he is liable to be brought up and put into custody for the costs, just as may be done in the case of a defendant sentenced to pay a fine who is omitted to be ordered into custody, or escapes. *State* v. *Simpson*, 1 Jones, 80; *State* v. *Cooley*, 80 N. C., 398.

In prosecution bonds and appeal bonds the practice is and has always been to enter up summary judgment; and this, upon the idea of assent thereto on the contingency provided for; and just so it ought to be, and in practice is, in the rendition of judgment against a prosecutor on the acquittal of the accused. It is not unjust to the prosecutor,

and can be no surprise to him. He, in effect, undertakes and agrees, when he becomes prosecutor; that in the event of the acquittal he will pay the costs and such of the defendant's witnesses as shall be adjudged against him, and assents to the entry of summary judgment therefor. It would be most unreasonable that a prosecutor should be allowed to be present to prosecute and convict, and in case of the acquittal of the accused then to walk out of the court and delay to answer his motion for costs on the excuse of being absent from court and of non-liability to judgment therefor until he can be found and brought before the court by the service of notice on him.

In our opinion the presence of the prosecutor to convict a defendant ought to be, and in law is, a presence to answer defendant for his costs for his false clamor; and we hold therefore that His Honor was not in error in refusing to set aside the judgment entered against Jere M. Hewlett, for the reason of his not being present in the court at the time of its rendition.

There is no error. Judgment of the criminal court of New Hanover is affirmed and this will be certified.