STATE v. JACOB NORWOOD.

*Prosecutor—Notice—Costs.*

1. A notice to mark one as prosecutor under the act of 1879, ch. 49, need not be in writing. Where it was announced in open court upon the calling and continuance of a state case that a motion would be made at the next term to mark a witness as prosecutor, (all the witnesses being present) and on the argument of the motion it was announced that all the parties were present; *Held* to be sufficient evidence that such notice was given, and warranted the court in ordering the witness to be marked as prosecutor.

2. The act was intended to enlarge the power of the courts over the question of costs in criminal actions, in providing that the court shall be of *opinion* there was no reasonable ground for the prosecution, *or* it was not required by the public interest.

3. Remarks of Mr. Justice ASHE upon the act of 1875, ch. 247, and the substitution of the word "opinion" for "certify," and " or " for "and," by the act of 1879.

STATE *v.* NORWOOD.

MOTION by defendant to endorse the name of the prose-cutor on the bill of indictment, under the act of 1879, ch-49, heard at June Special Term, 1880, of WAKE Superior Court, before *Gudger, J.*

The defendant, Jacob Norwood, was indicted for slander-ing Annie L. Hunter, (under the act of 1879, ch. 156,) and was tried and acquitted at said term. On the trial, Annie Hunter and others were examined as witnesses for the prose-cution, and at the same term, the said Annie was, by order of the court, marked as prosecutrix in the case, and ordered to pay the costs of the prosecution, including all witnesses actually examined on the part of the defendant. After this order had been made by the judge, the said Annie asked leave of the court to file an affidavit, in which she stated that she had not been served with a notice in the case of *State* v. *Norwood,* calling on her to show cause why she should not be marked as prosecutrix. The order of the court, upon hearing this affidavit, was not reversed, and the said Annie appealed. The opinion contains the additional facts.

The case was argued by the *Attorney General* in support of the ruling below, and by *Mr. D. G. Fowle, contra.*

ASHE, J. There are two points made by the record, first, the want of notice, and secondly, that the court below com-mitted an error in its construction of the act of 1879, and according to the statement of the case as made by His Honor, he had no power to make the order in question.

As to the question of notice, we concur with the judge that there was sufficient evidence of notice to warrant the order. It appears that at the preceding term of the court, the de-fendant's counsel gave notice in open court, when the case of the *State* v. *Norwood* was called and continued, the wit-nesses being present and Annie Hunter being one of them, that at the next term (June term, 1880,) a motion would be

made to mark her and others as prosecutors in the case. The clerk of the court testified that shortly before said June term, he had seen a notice, said to be lost, issued by the counsel of the defendant, Norwood, to the appellant and others, on the back of which were the endorsements, " Received," " Served," but he could not state by whom the return was made, nor whether it was served upon the parties or only upon a portion of them. The return purported to be signed, " J. J. Nowell, sheriff," by one of his deputies, but he could not recollect or know in whose handwriting, except it was not in sheriff Nowell's. When the motion was argued, it does not appear whether she was present at the time or not, but she was present in court during the day on which the motion was argued, and one of the counsel for the prosecution, on that day, announced that all the parties were present. And the appellant was represented by counsel.

We are of opinion that the fact of the notice of the motion having been announced in open court, at the time when *Norwood's* case was called and continued, (in which she was a witness) that a motion would be made at the next term to mark her as prosecutrix, with the testimony of the clerk, and with the further fact, that on the day of the argument of the motion it was publicly announced that all the parties were present, and that she was then and there represented by counsel, was sufficient evidence that the notice had been given to warrant the judge in making the order. The act of 1879 does not require the notice to be in writing. The object of the notice is to give the witness an opportunity to show cause. On the argument of the motion, counsel appeared in her behalf, and we must presume, represented her with her knowledge and consent. She then has had, what it was the object of the legislature to give her by requiring notice to be given, her " day in court."

As to the other point, that His Honor committed an error in his construction of the act of 1879, we think the excep-

tion equally untenable. The act of 1875, ch. 247, provides that in certain cases the costs of the prosecutor's and the defendant's witnesses, " shall be paid by the prosecutor, if any be marked on the bill, whenever the judge or justice of the peace shall *certify* that there was not reasonable ground for the prosecution *and* that the public interest did not require it." But this act was followed by the act of 1879, ch. 49, which, not purporting to be an amendment of the act of 1875, provides that the costs in like cases as in the former act, " shall be paid by the prosecutor, whether marked on the bill or not, whenever the judge or justice shall be of *opinion* that there was not reasonable ground for the prosecution *or* that it was not required by the public interest. The counsel for the appellant insisted in this court that the substitution of the word " or" for " and " in the last act, was an act of inadvertence, that the legislature never intended to make the change, and that as the copulative conjunction was used in the act of 1875, the court should construe " or" to mean " and"; and if that was the proper construction, then there was error in the order of the judge in having the appellant marked as prosecutrix and taxing her with the costs, for he had based his order upon the *opinion* only, that the prosecution " was not required by the public interest," when he should have founded it upon the opinion " that there was not reasonable ground for the prosecution *and* that it was not required by the public interest." We cannot concur with the learned counsel in this view of the case. It was evidently the intention of the legislature by the act of 1879 to discourage frivolous and malicious prosecutions, by enlarging the power of the courts over the question of costs in criminal actions.

Several changes were made in the act of 1879 from the act of 1875, besides that referred to. By the former, the courts had no power to mark any one as prosecutor without his consent; in the latter, they have, upon notice. By the

former, the court was required to *certify* that there was not reasonable ground, &c.; in the latter, no such certificate is required, but the court must simply entertain and express the *opinion* that there is no reasonable ground, &c.

To construe "or" to mean "and" in this case, would be a reflection upon the philological intelligence of the legislature, and would be an act of disrespect of which this court is incapable. We must therefore take it that they meant what they said, and whatever opinions we as individuals may entertain as to the wisdom or policy of the change, we must administer the law as we find it written.

There is no error. Let this be certified to the superior court of Wake that further proceedings may be had according to this opinion and the law.

PER CURIAM.                                        No error.