STATE v. SAMUEL ADAMS.

*Prosecutor taxed with Costs.*

Where the prosecutor is taxed with the costs of a criminal proceeding, it was held, that as to the want of public necessity for the prosecution and the malicious motives prompting it, the finding of the court in which the trial was had, is conclusive ; and it is immaterial whether the judgment against prosecutor be rendered at the instance of the solicitor. or the judge *ex mero motu.* Act of 1879, ch. 49.

(*State* v. *Lupton*, 63 N. C., 483 ; *State* v. *Hodson*, 74 N. C., 151, cited and approved.)

APPEAL from a judgment of the inferior court, heard at Fall Term, 1881, of WILSON Superior Court, before *Shipp, J.*

The defendants of record (Adams and Penny) were indicted in the inferior court of Wilson county upon a charge of larceny, and one Whitley was marked as prosecutor on the bill.  A jury acquitted the defendants, and thereupon the court, finding that the prosecution was not required by the public interest, but that it was instituted to subserve the private interests of the prosecutor, and to gratify his malice towards the defendants, who were witnesses against him in another court, adjudged that he pay the costs of the prosecution, from which judgment the prosecutor appealed to the superior court, where his appeal was dismissed, and thereupon he appealed to this court.

*Attorney General*, for the State.
*Messrs. Murray & Woodard*, for appellant.

RUFFIN, J.  As to the want of public necessity for the prosecution and the malicious motives that prompted it, the finding of the court in which the trial was had, is conclusive upon all parties.  The statute commits the discretion to that tribunal and to no other, and being a matter of

sound discretion, its exercise cannot be reviewed in any appellate court. There being no suggestion of any error of law committed in reference to the matter, by the inferior court, the dismissal of the prosecutor's appeal in the superior court was correct.

As to the position taken, that the court could not proceed with the matter, and render judgment against the prosecutor of its own motion, but only at the instance of the solicitor, we do not see the force of it. Depending, as it did, and must necessarily have done, upon developments made openly in the the progress of the cause, the court was possessed of the same information with the solicitor, and was as competent to act upon its own information, as in the case of a contempt committed in open court. The cases of the *State* v. *Lupton,* 63 N. C., 483, and the *State* v. *Hodson,* 74 N. C., 151, furnish, instances in which similar judgments were rendered against the prosecutors, on the motion of counsel of the acquitted defendants, and surely if allowable at the instance of a person wholly unofficial in his character, it must be in the power of the judge himself to act in the premises.

There is no error. Let this be certified to the superior court of Wilson county, to the end that the matter may be proceeded with according to law.

No error.                                        Affirmed.