In *State* v. *Murdock*, from Lincoln:

RUFFIN, J. John Murdock, the defendant of record, was tried in a court of a justice of the peace upon a charge of removing crops from certain lands, whereof he was a tenant, without paying rents, or giving the notice required by law.

The warrant, under which he was tried, was based upon

the oath of the prosecutor Michal. On the trial before the justice he was acquitted, and thereupon that court adjudged that the prosecutor pay the costs.

An appeal was taken by the prosecutor to the superior court, where the defendant Murdock moved to dismiss the appeal as to himself, on the ground that having been once tried and acquitted in the justice's court, he could not be tried a second time for the same offence in the superior court. The presiding judge allowed the defendant's motion, and refused to put him on trial anew in that court, but affirmed the justice's judgment against the prosecutor for costs, and from that judgment both the state and the prosecutor appealed to this court.

We do not feel at liberty to consider the question as to the right of the state, or the prosecutor, to have an appeal from the judgment of the justice to the superior court; for conceding such right to exist by virtue of the statute (Bat. Rev., ch. 33, § 124,) there can still be no pretence of any right on the part of the state to appeal to this court from a judgment of the superior court, such as was rendered in this cause. There is no statute that confers such right on the state, and neither is it given by the common law.

The extent to which the right of appeal enures to the state in criminal actions, has been twice recently thoroughly considered and elaborately treated of by this court, in the cases of the *State* v. *Lane*, 78 N. C., 547, and the *State* v. *Swepson*, 82 N. C., 541, and as we can add nothing to what is there said, it is sufficient to refer to them as authority for our action in dismissing, as we do, the appeal brought here on the part of the state.

We can detect no error in the judgment rendered against the prosecutor, Michal, for the costs of the prosecution. The statutes (for there are two of them expressed in almost the same words, Bat. Rev., ch. 33, § 132, and acts of 1879, ch. 92, § 3,) provide that "the party convicted before a jus-

tice shall always be adjudged to pay the costs, and if the party charged be acquitted, the complainant shall be adjudged to pay the costs."

The first of the two statutes referred to was the subject of review in this court in the case of the State v. *Cannady*, 78 N. C., 539, and its conformity with the constitution definitely settled. The appeal on the part of the state is therefore dismissed, and the judgment of the superior court against the prosecutor Michal is affirmed.

PER CURIAM.                    Judgment accordingly.