STATE v. OWENS.

*Prosecutor—Costs.*

A judgment against a prosecutor for costs, is not irregular if rendered in his absence; and the judge who tries the case has the exclusive right to determine whether he shall be so taxed.

(*State* v. *Spencer*, 81 N. C., 519, cited and approved.)

APPEAL from an order taxing the prosecutor with costs, made at Fall Term, 1882, of TRANSYLVANIA Superior Court, by *Shepherd, J.*

At spring term, 1881, an indictment for perjury was preferred against one Alfred Cantwell, upon which John Owens, the defendant of record in this appeal, was marked as the prosecutor, at the time and before the finding of the bill.

At spring term, 1882, the cause was tried and the defendant, Cantwell, was acquitted, and the presiding judge (Gilliam), after declaring the prosecution to have been malicious, ordered that the defendant, Owens, so marked as prosecutor, should pay the costs of the prosecution and the fees of certain of the defendant's witnesses, whose materiality was certified by his attorneys.

At fall term, 1882, the costs not having been paid, and the defendant, being then in the custody of the sheriff, filed an affidavit, setting forth that though present at the trial of the indictment for perjury against Cantwell, he left the court before the judgment requiring him to pay the costs was rendered, and had therefore no opportunity to controvert the facts found by the court, either as to the malicious character of the prosecution, or the materiality of the witnesses who had been examined for the defence, and thereupon moved the court to set aside the judgment directing him to be taxed with the costs and fees of the defendant's witnesses. This the court refused to do, and the defendant appealed.

*Attorney General* and *Mr. G. A. Shuford,* for the State.
No counsel for defendant.

RUFFIN, J. The defendant's motion to vacate the order taxing him with the costs of the main prosecution and the fees of the necessary witnesses for the defence thereof, was properly overruled. Indeed, it is much to be questioned

whether it was proper to entertain it at all, since the statute gives to the judge, who tries the cause, the exclusive right to determine these matters.

Of course, however, if he proceed irregularly and contrary to the course of the court, the party affected is entitled to be relieved, and he may be so at a subsequent term. We infer that in this case His Honor consented to hear the motion only upon this ground—that the absence of the defendant at the time the order against him was made might possibly render it irregular.

Viewing the case in this light, the ruling of the court, in refusing the motion is fully supported by the decision in *State* v. *Spencer,* 81 N. C., 519, where it is held, that the presence of a prosecutor on the trial of the defendant is in law a presence to answer a motion to tax him with the costs because of his false clamor, and that a judgment rendered against him for such costs is not irregular, though actually rendered in his absence.

No error.                                        Affirmed.