STATE v. JOHN HORTON.

*Prosecutor, order taxing with costs—Judgments, irregular and erroneous—Excusable Negligence.*

1. It is error in the superior court of one county to tax the prosecutor in a criminal action in that court with costs of prosecution in a like action pending in another county.

2. The court cannot tax the prosecutor with costs where the grand jury ignore the bill of indictment.

3. A motion to set aside a judgment, taxing the prosecutor with costs, upon the ground of excusable negligence, must be made within twelve months after the judgment is rendered. The presence of the prosecutor is not essential to the validity of the judgment.

4. An irregular judgment may be set aside at the term ensuing its rendition, but an erroneous judgment must be corrected by appeal or *certiorari.*

(*Wolfe* v. *Davis*, 74 N. C., 597; *State* v. *Cockerham*, 1 Ired., 381; *State* v. *Owens*, 87 N. C., 565, and case cited, approved).

MOTION to set aside a judgment taxing the prosecutor with costs, heard at Spring Term, 1883, of BURKE Superior Court, before *Gudger, J.*

At spring term, 1880, an indictment was pending in the superior court of Burke county against A. W. Purley for the offence of perjury, and this defendant (Horton) was marked upon the indictment as prosecutor. At that term, the case was removed to the superior court of Watauga county for trial. At the spring term 1880 of that court there was a mistrial, because of some defect in the indictment, and the defendant was recognized to appear at fall term, 1880, of Burke superior court,

and at that term a new bill of indictment was sent to the grand jury, the defendant being marked on the bill as prosecutor. This bill the grand jury *ignored.* Thereupon, in the absence of the defendant, the court gave judgment against him as prosecutor for the costs of the prosecution in that case, and likewise, against him as prosecutor for the costs of the prosecution in the indictment then pending in Watauga county. Afterwards, a *nolle prosequi* was entered in the latter prosecution. An execution issued against the defendant for the costs. It appears that he had no actual knowledge of this execution, until afterwards, when he was served with a *capias* returnable to the spring term, 1883, of Burke superior court, and when for the first time he had actual knowledge of the judgment against him.

At the spring term, 1883, of Burke superior court, the defendant moved to set aside the judgment entered against him at the fall term, 1880, for the costs of the said prosecution. The court denied the motion, and the defendant appealed.

*Attorney-General,* for the State.
*Mr. J. F. Morphew,* for defendant.

MERRIMON, J.    It was error in the superior court of Burke county to tax the prosecutor in a criminal action in that court with the costs of a like action wherein he was prosecutor pending in the superior court of Watauga county. If there was a criminal action and grounds therein in the latter court for taxing the defendant as prosecutor with the costs of prosecution, the order and judgment ought to have been made in that court, not in the superior court of Burke county.

It is settled, also, that the court cannot order the prosecutor to pay the costs of prosecution when the grand jury returns the bill of indictment "not a true bill." *State* v. *Cockerham,* 1 Ired., 381. The law, as applicable to this case, has not been changed since that decision was made.

The court, however, properly refused to grant the motion.

The judgment was entered at the fall term, 1880, and more than twelve months had elapsed before the motion was made, so that the court could not set aside the judgment because of "mistake, inadvertence, surprise or excusable neglect."

Nor could the court set it aside because it was an irregular judgment. An irregular judgment may be set aside at a term subsequent to that at which it was given (*Wolfe* v. *Davis*, 74 N. C., 597), but the judgment in this case was not irregular. The defendant was prosecutor; he was properly in court. The law presumes he was present and took cognizance of all that was done in and about the prosecution and the judgment against him. It was his fault and neglect if he were not actually present. His actual presence was not necessary to enable the court to give judgment, and his presumed presence was sufficient. *State* v. *Owens*, 87 N. C., 565; *State* v. *Spencer*, 81 N. C., 519. The court had jurisdiction and authority to grant the judgment.

As it appears in the record before us, the judgment was erroneous, and such a judgment cannot be set aside at a subsequent term of the court because of such rulings as render it simply erroneous. *Wolfe* v. *Davis*, *supra*. The defendant, if there were such errors as he suggests, ought to have appealed in due time from the judgment taxing him with the costs. As he did not, if there was sufficient excuse for his failure to do so, and he can make a proper case, his remedy is to apply for the writ of *certiorari*, to bring his case to this court, to the end that such errors as may be found to exist may be corrected.

There is no error, and the judgment must be affirmed. It is so ordered. Let this be certified.

No error. Affirmed.