STATE AND N. BRASWELL v. P. A. DUNN.

*Costs—Prosecutor—Solicitor's Fees.*

1. The judgment of the trial Judge that a prosecution was frivolous or malicious, and that the prosecutor pay the costs, is final and conclusive.

2. A prosecutor may be adjudged to pay the cost, if the trial Judge shall find that the prosecution was either frivolous or malicious.

3. Where a defendant was acquitted of the charge against him, and the prosecutor was adjudged to pay the costs, a Solicitor's fee cannot be charged in the bill of costs.

(*State* v. *Adams*, 85 N. C., 560 ; *State* v. *Owens*, 87 N. C., 565 ; *State* v. *Norwood*, 84 N. C., 794, cited and affirmed ; *State* v. *Canady*, 78 N. C., 539, cited, explained and affirmed).

INDICTMENT, tried before *Clark, Judge,* at the November Special Criminal Term, 1885, of WAKE Superior Court.

The indictment charges the defendant, Dunn, with the wilful and unlawful removal of the gates and fence enclosing a pasture field of Norfleet Braswell and others, wherein live stock was confined, within territory over which the stock law prevailed, in violation of §§1062 and 2820 of *The Code.*

On the trial before the jury upon the plea of not guilty, under instructions from the Court, a verdict of acquittal was rendered. Thereupon, on motion, the said Braswell, being in Court, was declared to be marked as prosecutor, and the Judge, finding as a fact that the prosecution was frivolous, adjudged that he pay the costs, and stand committed until they were paid, to the county prison, or be confined in such place as the counnty commissioners may direct.

To this the said Braswell excepted, as also to the taxation of so large a number of witnesses, and especially to the charge of a Solicitor's fee.

The Judge, upon certificate of counsel, found the witnesses objected to material and necessary, and denied the application to have any of the taxed costs stricken out. From these rulings the prosecutor appeals.

*Attorney-General,* for the State.
*Mr. Jacob H. Fleming,* for the prosecutor.
*Mr. E. C. Smith,* for the defendant.

SMITH, C. J. (after stating the facts). It is provided in §737 of *The Code,* that in all criminal prosecutions, if the defendant be acquitted, *nolle prosequi* entered, or judgment against him arrested, the costs, including the fees of all witnesses summoned for the accused, whom the Judge, Court, or justice of the peace before whom the trial took place, shall certify to have been proper for the defence, shall be paid by the prosecutor, whether marked on the bill or warrant or not, whenever the Judge, Court or justice shall be of opinion that there was not reasonable ground for the prosecution, or that it was not required by the public interest.

The succeeding section declares, that " every such prosecutor may be adjudged not only to pay the costs, but he shall also be imprisoned for the non-payment thereof, when the Judge, Court or justice of the peace, before whom the case was tried, shall adjudge that the prosecution was frivolous or malicious."

It will thus be seen that the opinion of the presiding Judge, based upon what transpires before him, determines the party's penal liabilities, and his adjudication is final and conclusive. So it is ruled in *State* v. *Adams,* 85 N. C., 560 ; and *State* v. *Owens,* 87 N. C., 565.

Again, the conditions upon which the exercise of this judicial power is predicated, are in the disjunctive, and the imprisonment may be ordered when the prosecution is either " malicious or frivolous" ; *State* v. *Norwood,* 84 N. C., 794.

The only remaining question presented in the appeal, is as to the taxation of a Solicitor's fee in the bill of costs, and in the ruling upon this there is error.

Fees are given to Solicitors, in addition to their general compensation, and none other : " for every *conviction upon an indictment* which they prosecute," &c., *The Code,* §3737 ; and under the Constitution, Art. I., §§12 and 13, no one can be " put to answer any criminal charge, * * * but by indictment, presentment or impeachment," except such as provided

for the trial of petty misdemeanors, as the Legislature may direct, and the conviction upon an indictment must be upon a unanimous verdict, rendered in open Court.

Here, there has been no conviction, and no liability incurred by any one for this fee, and hence it cannot be taxed as costs.

It is urged that the opinion in *State* v. *Canady*, 78 N. C., 539, countenances, if it does not distinctly recognize, the correctness of this charge. We do not so interpret the language there used, nor does it admit of such inference. The decision is, that costs put upon a prosecutor do not constitute a debt in the sense of the Constitution, imprisonment for which is prohibited, but are essentially punitory, for a false and unfounded clamor, and he who prosecutes such a criminal charge ought to bear the pecuniary consequences; and further, that the General Assembly has the right so to enact. The Solicitor's fee becomes due only on conviction under an indictment, and in this case has become due from no one.

There is error in sustaining this charge, and it must be stricken from the bill. To this end, and for further proceedings in the Court below, this will be certified.

Error.                                    Reversed.