*THE STATE v. W. G. HAMILTON.

*Appeal— Costs—Prosecutor.*

1. A judgment that a prosecution is frivolous and not required by the public interest, and that the prosecutor pay costs, is conclusive and not appealable.
2. It is sufficient notice of a motion to mark as prosecutor if the party is present when the motion is made, and the order to mark as prosecutor is also final and conclusive.

This was a CRIMINAL ACTION, tried before *Armfield, J.*, at September Term, 1889, of WAKE Superior Court.

Motion to mark Charles M. Jones prosecutor, and tax him with the costs.   The Court found that the prosecution was

---
* Head notes by CLARK, J.

frivolous and not required by the public interest," and taxed Jones with the costs as prosecutor, from which he appealed.

*The Attorney General*, for the State.
No counsel *contra.*

CLARK, J.: *The Code*, § 737, empowers the Court trying the cause to determine at any stage of a criminal proceeding who the prosecutor is, and tax him with the costs, if such Court shall be of opinion that there was not reasonable ground for the prosecution, or that it was not required by the public interest. Section 738 empowers the Court to imprison the prosecutor for non-payment of costs, if it shall adjudge that the prosecution was frivolous and malicious. This is held constitutional. *State* v. *Cannady*, 78 N. C., 539. These findings of fact by the Court below have been repeatedly held conclusive and not reviewable by this Court on appeal. *State* v. *Adams*, 85 N. C., 560; *State* v. *Owens*, 87 N. C., 565; *State* v. *Dunn*, 95 N. C., 697. Though such findings of fact by a Justice of the Peace are reviewable by the Superior Court on appeal. *State* v. *Murdock*, 85 N. C., 598; *State* v. *Powell*, 86 N. C., 640.

When the prosecutor is marked as such on the bill before indictment found, he can be taxed with the costs without notice and though absent. *State* v. *Spencer*, 81 N. C., 519; *State* v. *Horton*, 89 N. C., 581. But an order to mark any one as prosecutor after indictment found cannot be made without his consent, unless on notice. *State* v. *Crosset*, 81 N. C., 579. It is sufficient, however, if the motion is made in open Court, and the party is present. *State* v. *Hughes*, 83 N. C., 665; *State* v. *Norwood*, 84 N. C., 794. The order may be made on motion of defendant's counsel, at the instance of the Solicitor, or by the Court *ex mero motu*. *State* v. *Adams*, 85 N. C., 560. In the present case, the prosecutor was present in Court, testified in the case on trial, and also in the

investigation of facts upon the motion to mark him as prosecutor and to tax him with the costs, and the motion was made by defendant's counsel, the Solicitor having submitted to a verdict of not guilty upon appellant's testimony.

Neither the judgment that Jones was prosecutor, and that the prosecution was "frivolous and not required by the public interest," nor that ordering him to pay the costs, are reviewable. Like other findings of fact by the Judge below, such findings are final and conclusive.

No error.