STATE v. RUFUS SANDERS.

*Taxing Costs for Malicious Prosecution — Court—Practice— Prosecutor.*

1. While the trial Judge is the proper Court to find the facts and adjudge the costs in cases of frivolous prosecution, yet, upon motion and notice to show cause, this may be done at a subsequent term, and by another Judge; and this course is proper where on account of absence of the prosecutor or other sufficient cause, he cannot be brought before Court at the trial term.

2. The practice in such cases pointed out by CLARK, J.

This was a MOTION to mark Robert and Rebecca Epley as prosecutors and tax them with the costs in the above-entitled action, heard at Fall Term, 1892, of BURKE Superior Court, before *Armfield, J.*

At Fall Term, 1889, of said Court, a true bill was found against the defendant, Rufus Saunders, for a forcible trespass, and at Fall Term, 1890, the said defendant was tried and acquitted, and rule was obtained and notice issued to said Robert and Rebecca Epley to show cause at the next term why they should not be marked as prosecutors, and

taxed with the costs of said action. The said notice having been returned and purporting to have been served on January 5, 1891, it was adjudged at Fall Term, 1891, that said prosecution was groundless and not required by the public interest, and that the said Robert and Rebecca Epley be taxed with the cost of said action.

And thereupon, during the same term, upon motion of counsel for the said respondents, Robert and Rebecca Epley, on account of defective service of notice, the said judgment taxing them with said costs was stricken out, and said respondents allowed to answer. And said cause having been continued till Fall Term, 1892, and his Honor R. F. Armfield, Judge, being of opinion that only the Judge who tried the cause could tax respondents with the costs, ordered that the rule be discharged, to which order the State and Board of Commissioners excepted and appealed.

*The Attorney General,* for the State.
*Mr. Isaac T. Avery,* for defendant.

CLARK, J.: When the prosecutor is marked as such before indictment found or even during the trial term (if present when the order is made, *State* v. *Spencer,* 81 N. C., 519) the trial Judge, upon the failure of the prosecution, should pass upon the facts which would justify the taxing of the costs against the prosecutor. He is the proper officer to do this, since, having heard the investigation of the case upon the trial, he is prepared to pass upon the questions of fact requisite to be decided in determining the motion to tax the costs. *State* v. *Hamilton,* 106 N. C., 660 ; *State* v. *Roberts, Ibid,* 662. But even in such cases there may possibly happen instances in which a continuance of the motion to the next term may become necessary in the interest of justice. When, however, the motion to mark a prosecutor is made after the trial, or during the trial, when the party sought to be marked

as prosecutor is not present, a notice to show cause must be served. *State* v. *Hamilton, supra.* If possible, such notice should be served at once and the motion passed upon by the trial Judge, he being already cognizant of the facts. But not unfrequently notice cannot be served in time for that term, but must perforce be made returnable to next term. This is inconvenient, as the Judge at the next term is often not the one who presided at the trial. But there is nothing in the statute (*The Code*, §§ 737, 738 and 1204) which forbids this course. Indeed, it is a common practice, and is necessary to protect the public against costs in improper cases. The party promoting the action cannot be allowed to avoid responsi- bility by simply stepping out of the way when he appre- hends that a motion will be made to place upon him the costs incurred by his false clamor. In *State* v. *Roberts, supra* (in which the facts are very similar to those in this case), the Court held that where the taxation of costs could not be sus- tained because of a failure to find the pre-requisite facts, a new motion could be made, although it was then several terms after the one at which the cause had been tried.

The expression in section 738 that the prosecutor may be imprisoned for non-payment of costs " when the Judge, Court or Justice of the Peace before whom the case was tried shall adjudge that the prosecution was frivolous or malicious," means simply that the trial Judge or Justice, or the Court in which the trial was had, shall pass upon these facts. The use of the word " Court" after the word " Judge " shows that there was no intention to restrict the duty of protecting the public from payment of improper costs to the individual Judge who tried the cause. The power is left in " the Court" by whomsoever presided over. This is also clear from the phraseology of sections 737 and 1204, which are to be con- strued *in pari materia.* Section 737 authorizes every Judge, Court or Justice, before or after trial, to find the facts, and section 1204 simply places authority in " the Court," which,

indeed, is the more accurate expression and avoids redundancy.

*State* v. *Owens,* 87 N. C , 565, relied upon by the proscutor, does not sustain his contention. That case simply holds that the Judge at the next term properly refused to set aside a judgment taxing the prosecutor with costs, when the prosecutor had been present at the trial, though absent at the time the order to mark him as prosecutor and tax him with the costs was made. The Court, then, imposes a *quære* if the the next Court could consider and correct the finding of the Judge who tried the action, and who had found the facts. Indeed, we think he could not, except in cases of excusable neglect, &c. *State* v. *Bennett,* 93 N. C., 503. If, however, the query could be construed as leaving open the question whether the next Judge had power to pass upon the facts, when the trial Court, for any reason, had failed to determine a motion to mark and tax anyone as prosecutor with the costs, it has since been settled, as we have seen, that a Judge holding a subsequent term of the Court has that power. *State* v. *Roberts, supra.* Error.