State v. Coats, 18 N. M. 314.

---

[No. 1606, December 2, 1913.]

THE STATE OF NEW MEXICO, Appellant, v. JOHN COATS, et al., Appellees.

SYLLABUS (BY THE COURT)

1. Where a Justice of the Peace, under sec. 3, chap. 57, S. L. 1907, finds that a criminal prosecution has been instituted "maliciously, or without probable cause," and taxes the

costs against the prosecuting witness, and the prosecuting witness appeals from such judgment, the case should be docketed as the State v. The Prosecuting Witness, and not as originally entitled.

P. 316

2. In such a case, where the prosecuting witness appeals from a judgment of the Justice of the Peace taxing him with the costs, the District Court is required to try the question as to whether the prosecution was instituted maliciously, or without probable cause de novo and must enter its own independent judgment in the case. In such case the discretion conferred by the statute upon the Justice of the Peace is necessarily transferred to the District Court.

P. 317

3. Upon such appeal the burden is upon the State to show that the prosecution was instituted maliciously, or without probable cause.

P. 318

Appeal from the District Court of Sierra County; Merritt C. Mechem, District Judge; affirmed.

EDWARD D. TITTMAN, Hillsboro, N. M., for appellant.

Statute under which the Justice of the Peace taxed costs against the prosecuting witness. Laws 1907, ch. 61, sec. 3.

The person on whose oath of information any criminal prosecution shall have been instituted shall be considered the prosecutor. C. L. 1897, sec. 3441; Ill. Central R. R. v. Herr, 54 Ill. 356, 359; State v. Millian, 3 Nev. 409; Philips v. Bevans, 23 N. J. L. (3 Zab) 373; U. S. v. Sandford, 27 Fed Cas. 952.

Appellate Courts will not review matters that are entirely in the discretion of the Court below unless such discretion has been abused. 3 Cyc. 342, k, and cases in note 57; 11 Cyc. 153, d, and cases in note 64.

Court's finding as to costs is conclusive. 11 Cyc. 272, note 64.

There is no absolute right of appeal. 24 Cyc. 655, 3; 2 Cyc. 520, note 88; C. L. 1897, secs. 3305, 3307, 3317,

## OPINION OF THE COURT.

ROBERTS, C. J.—G. W. Bledsoe was the prosecuting witness in an information filed by the District Attorney, before a Justice of the Peace, against John Coats and his wife, wherein they were charged with conducting a disorderly house within three hundred yards of a school house. Upon trial the defendants were acquitted, and the Justice of the Peace found that the prosecution was instituted "maliciously and without probable cause," and taxed the costs against Bledsoe and ordered him committed until the costs should be paid. From the judgment taxing him with the costs, Bledsoe appealed to the District Court. In the District Court the State filed a motion to dismiss the appeal, on the ground that the District Court was without jurisdiction to try the case, because no appeal could be taken from the judgment of the Justice of the Peace. The Court overruled the motion and called the case for trial, and the State offering no evidence, a judgment was entered discharging Bledsoe from the payment of the costs of the case. From such judgment the State appeals, and predicates error upon two grounds, viz: (1) The imposition of costs, upon the prosecuting witness, resting solely within the discretion of the Justice of the Peace, no appeal lies to review such discretion, and (2) upon appeal, in such a case, the burden was upon the appellant, and in the absence of any evidence it was the duty of the Court to enter judgment for the State.

Before considering the question stated, it is probably advisable to notice a question of practice, presented by the record in this case, but not discussed by counsel. The case is docketed in this Court, and was apparently so docketed in the District Court, as the "State of New Mexico v. John Coats, et al.," the defendants in the original case. This is improper. The case against John Coats was disposed of by the judgment of the Justice of the Peace, and when he taxed the costs against Bledsoe, the

judgment therein became a judgment on behalf of the State against said Bledsoe, and so it should appear in subsequent proceedings, involving such judgment.

Appellant's brief is devoted chiefly to a discussion of the first ground upon which error is predicated. The section of the statute, under which the Justice of the Peace imposed the costs of the case upon the prosecuting witness, reads as follows:—

Section 3, chap. 61, S. L. 1907.) "Upon the trial of any criminal case, whenever the Court or Justice of the Peace shall be satisfied that any such case has been instituted maliciously, or without probable cause, the Court may in its discretion tax the costs therein against the prosecuting witness, in which event such witness shall stand committed until such costs be fully paid."

The argument is advanced, that the imposition of costs upon the prosecuting witness, resting in the discretion of the Justice of the Peace, such discretion will not be reviewed by an Appellate Court. This would be true, if the Appellate Court simply reviewed the judgment of the **2** Justice of the Peace and reversed or affirmed the same, but under our statute, (sec. 3317, C. L. 1897), the case, in the District Court, must be tried *de novo*, and the District Court necessarily is required to enter its own independent judgment. This being true, the discretion conferred upon the Justice of the Peace by the section of the statute first quoted, is necessarily transferred to the District Court by the appeal. To establish the contrary rule, the State relies upon the following quotation from 11 Cyc. 272:

"In North Carolina, where the Court decides whether grounds exist for imposing costs on the prosecutor, its finding that the facts warrant the imposition, is conclusive."

But that this rule applies only to appeals from the District Court to the Supreme Court, is clearly shown by the North Carolina Supreme Court in the case of State v. Hamilton, 106 N. C. 660:

"Section 738 empowers the Court to imprison the prose-

cutor for nonpayment of costs, if it shall adjudge that the prosecution was frivolous and malicious. This is held constitutional. State v. Cannady, 78 N. C. 539. These findings of fact by the Court below have been repeatedly held conclusive and not reviewable by this Court on appeal. State v. Adams, 85 N. C. 560; State v. Owen, 87 N. C. 565; State v. Dunn, 95 N. C. 697. Though such findings of fact by a Justice of the Peace are reviewable by the Superior Court on appeal. State v. Murdock, 85 N. C. 598; State v. Powell, 86 N. C. 640."

By sec. 3305, C. L. 1897, Bledsoe had the right to appeal to the District Court from the judgment against him. This being true, the District Court properly overruled the motion to dismiss the appeal.

As the case was triable *de novo* on appeal, the burden was upon the State to show that the prosecution was instituted "maliciously or without probable cause," and the State failing to offer any evidence upon the trial, the District Court properly dismissed the case and discharged the prosecuting witness.

Finding no errors in the record, the judgment of the District Court is affirmed, and it is so ordered.