## STATE AND O. B. LANGSTON v. LEON COLE.

(Filed 29 September, 1920.)

**1. Costs—Criminal Law—Prosecution—Findings—Statutes.**

In order to tax the prosecuting witness with the cost of a criminal action, and for his imprisonment, a finding is necessary that the prosecution was frivolous and malicious. Rev., 1297.

**2. Same—Justices' Courts—Appeal—Superior Court—Trial de Novo.**

An appeal from an order of a justice of the peace taxing the cost against the prosecutor in a criminal action does not involve again the guilt or innocence of the prisoner, who has been acquitted, or violate his constitutional immunity from a second jeopardy, but presents a substantial question to some extent in the nature of a "civil controversy," and comes within the intent and meaning of Rev., 607, 608, which provides for a hearing de novo on appeal, and prevails also in matters of strictly criminal nature by our statute. Rev., 3274, et seq.

**3. Same—Jurisdiction—Additional Findings—Orders—Judgments.**

The provisions of our statute, Rev., 1297, conferring on the courts of justices of the peace, and other courts, who heard the case originally, to presently make the necessary findings, before imprisoning the prosecutor, that the prosecution "was frivolous and malicious," does not prevent, on appeal to the Superior Court, an inquiry into the matter by the latter court, de novo, or the making additional findings and such further orders and decrees therein as the right and justice of the case may require.

**4. Same.**

On appeal to the Superior Court from an order of a justice of the peace, in a criminal action, taxing the prosecutor with cost, the proceedings may be entered into de novo, and the court may proceed to find upon the evidence that the prosecution was frivolous and malicious, and adjudge that the prosecutor pay the cost, and order that unless he should have done so within a certain time he be imprisoned until he pay them, or discharged according to law.

MOTION to tax prosecutor with costs, heard on appeal from a justice's court, before *Bond, J.*, at April Term, 1920, of JOHNSTON. There was judgment finding prosecution frivolous and malicious, and ordering that unless costs be paid in thirty days, that capias issue for prosecutor, and he be imprisoned till said costs were paid, or until he be discharged according to law, and said prosecutor excepted and appealed.

*F. H. Brooks and Murray Allen for Langston, prosecutor.*

HOKE, J. From a perusal of the record it appears that prosecutor, O. B. Langston, having instituted a criminal action before a justice of the peace against the defendant for removing crops without giving prosecutor, his landlord, legal notice, etc. The cause was tried by the

justice, R. K. Britt, the defendant acquitted, and a judgment entered that "the prosecutor pay the costs." From this judgment the prosecutor appealed, and the question was heard by the court *de novo* on affidavits setting forth, chiefly, statements of the affiants as to what transpired and was testified to at the justice's trial, and, after full hearing, his Honor entered judgement, in effect, that the prosecutor be taxed with the costs, and, after a finding, embodied in the judgment that the prosecution was frivolous and malicious, adjudged further, as stated, that unless the costs were paid in thirty days that execution issue against the person, and that he be imprisoned till said costs were paid, or defendant discharged according to law.

From this judgment the prosecutor has appealed, assigning for error, chiefly, that the court was without power to add to the justice's judgment the finding that the "prosecution was frivolous and malicious," and that on the record the proceeding should have been dismissed, or at most remanded for further action in the justice's court.

Our decisions construing the statute applicable, Rev., 1297, Con. Stat., sec. 1272, are to the effect that when a prosecutor is taxed with costs, on acquittal of a defendant in a criminal action, in order to his imprisonment it is necessary that there be a finding that the prosecution is frivolous and malicious, and when an order of that kind has been made, an appeal lies to the higher court. While such an appeal may not again involve the guilt or innocence of the defendant, who has been acquitted, as that would be in violation of his constitutional immunity from a second jeopardy, it does present a substantial question in the nature, to some extent, of a "civil controversy," and, in our opinion, comes clearly within the statutory provisions, and our decisions applicable that, on appeal from a justice to the Superior Court, the matter shall be heard "*de novo.*" *S. v. Byrd,* 93 N. C., 624-627; *S. v. Powell,* 86 N. C., 640-646; Rev., 607-608.

This same purpose and policy of requiring a hearing *de novo* on appeals from a justice's court prevails also in matters of a strictly criminal nature, Rev., 3274, *et seq.,* and is recognized on appeals from the clerk to the judge on questions of law, on matters more especially pertinent to the confirmation of judicial sales, as shown in the recent case of *Perry v. Perry,* 179 N. C., 445.

It is urged for defendant that in the statute bearing more directly on the subject, Rev., 1297, the language is that a prosecutor, taxed with costs, may be imprisoned for nonpayment of same, "when the judge, court, or justice of the peace before whom the case was tried shall adjudge that the prosecution was frivolous and malicious," but this statute, conferring on the court, justice, or other, who heard the case originally the right to presently make the finding, by no means withdraws from

an appellate court of general jurisdiction, hearing the matter in the course of regular procedure, and having power to try the question *de novo,* the power of making additional findings, and such further orders and decrees therein as the right and justice of the case may require.

Again, it is insisted that the court that tried the matter, and which had opportunity to observe and note the bearing and conduct of the witnesses, is in much better position to make a just disposition in the matter. Such an argument may not be allowed to interfere with the effect and operation of a valid statute conferring the right to deal with this question *"de novo."* And the position, under very similar circumstances, has been disapproved as controlling in a number of our decisions, which hold that,.on trials in the Superior Court, a motion to tax the costs against the prosecutor and to make the pertinent findings of fact, may be heard and determined at a subsequent term and before another judge. *S. v. Sanders,* 111 N. C., 700.

On full consideration, we find no error in the record, and the judgment of the Superior Court is

Affirmed.