*THE STATE v. JAMES ROBERTS.

*Costs—Prosecutor—Appeal.*

It is error to tax a prosecutor with costs, unless the Court, upon the facts, shall entertain and express the opinion that there was not reasonable ground for the prosecution, or that it was not required by the public interest, or shall adjudge that the prosecution was frivolous or malicious, or shall be of opinion that there was a greater number of witnesses summoned for the prosecution than was necessary. Such findings of fact, when made, are conclusive and not reviewable on appeal, but they are necessary to be made in order to support the judgment.

This was an APPEAL from an order of *Bynum, J.,* at January Term, 1889, of DURHAM Superior Court, taxing the prosecutor with the costs.

Upon receipt of the certificate from this Court (the case is reported in 101 N. C., 744), notice was issued and served on Dickey, the prosecutor, to show cause why he should not be taxed with the costs.

* Head-notes by CLARK, J.

"After hearing said Dickey, in answer to the said notice, and the Solicitor in reply to the same, the Court doth adjudge and order that L. Dickey, the prosecutor, pay the costs."

From this order Dickey appealed.

*The Attorney General,* for the State.
*Mr. John W. Graham,* for the appellant.

CLARK, J.: This is an appeal by the prosecutor (Dickey) from a judgment taxing him with the costs. If the defendant be acquitted, or judgment arrested, or *nolle prosequi* entered, the Court is empowered by sections 737 and 738 of *The Code* to adjudge the prosecutor to pay costs in either of four cases—*i. e.,* if the Court shall be of opinion that there was not reasonable ground for the prosecution, or that it was not required by the public interest, or when the Court shall adjudge that the prosecution was frivolous *or* malicious, and in the last two cases the prosecutor will also be adjudged to be imprisoned if the costs be not paid. By section 1204, though the Court may not find the prosecution frivolous or malicious, nevertheless, if it is of opinion that, by request of the prosecutor, a greater number of witnesses was summoned than was necessary, it may adjudge the prosecutor to pay the attendance of such unnecessary witnesses. It has been repeatedly held that if the Judge below shall find either of the above state of facts to exist, such findings of fact are conclusive and not appealable. See *State* v. *Hamilton, ante,* 660, in which the authorities are cited and reviewed.

But the right of the Court below to tax the prosecutor with costs does not arise as a matter of course. It only exists when one of the states of fact above recited is made to appear by the expressed opinion or judgment of the Court. In the present case there is no finding of fact by the Judge in this regard, but simply a judgment that the prosecutor pay costs. This has no warrant in the law.

The exception of the appellant to the judgment is not as specific as it should be, but, independent of that, there is error as apparent upon the face of the record as would be the judgment of the Court in a case requiring the intervention of a jury, when there is neither waiver of a jury nor verdict rendered. In such case, the error apparent on the face of the record would be corrected here without assignment. *Thornton* v. *Brady,* 100 N. C., 38. So, in this case, the judgment that the prosecutor pay the costs, without a previous finding by the Court of the existence of one of the states of fact which would authorize such judgment, is error in the record proper, which the Court will correct.

The appellant is not, however, necessarily entitled to a discharge from liability by reason of such error. It is still open to the Solicitor to move the Court below to tax the costs against the appellant, or that Court may do so *ex mero motu.* If, upon the investigation of the facts, it shall entertain and express the opinion or adjudge that they are such as, under the statute, authorize the costs to be taxed against the prosecutor, it can so order.

Error.