MERRIMON, C. J., dissenting. *Page 260 
The action was brought in the name of Larkin Smith, by his next friends, A. L. Ferrell and others, appointed by the court. The purpose of the action was to set aside a prior power of attorney executed by Larkin Smith to the defendant, Charles H. Smith, by reason of mental incapacity, and to have a receiver appointed for his estate. After the service of the summons on Charles H. Smith, to wit, on 26 February, 1889, Larkin Smith executed a power of attorney to Messrs. Fuller Snow and Batchelor 
Devereux, attorneys, empowering and directing them to dismiss the said action.
When the case was called for trial, the attorneys for Larkin Smith read their power of attorney to the court, and moved to dismiss the action.
The next friend of Larkin Smith resisted the motion, on the ground that when the power of attorney was executed, to wit, on 26 February, 1889, he was incompetent mentally to execute the said power of attorney.
The court adjudged that the rights of the parties would be better subserved, and the cause more intelligently and fairly tried, by submitting to the jury at this time the sole issue, which is set out in the record, and, in its discretion, submitted this issue alone:
"Was Larkin Smith incompetent, by reason of mental incapacity, to execute a good and valid power of attorney on 26 February, 1889?"
To this there was no exception, not was there any exception to evidence by the appellants.
Among other things, his Honor charged the jury that the question for them to determine was the mental condition of Larkin Smith on 26 February, 1889, and the evidence as to his mental condition, both before and after that time, was only admitted and to be considered by them for the purpose of determining what his mental condition was on that day.
This was not excepted to until appellants' case on appeal was (367) served.
His Honor further charged that the law attaches peculiar importance to the testimony of a subscribing witness. "In this case, L. L. Doub, the only subscribing witness to the power of attorney in question, has testified, but you are to determine from his character, and his appearance on the stand, and his demeanor on the stand, what weight, if any, you will give to his evidence." (The defendant had introduced evidence tending to show that Doub was a man of good character.)
His Honor further charged that the law attaches peculiar importance to the testimony of the attending family physician. "He (Dr. Knight) has testified, as have also other medical experts on both sides, but you are to determine from their manner and appearance, what weight, if any, you will give to their testimony." *Page 261 
The appellants excepted to this part of the charge.
His Honor further charged the jury that the law presumes every man to be of sound mind, and the burden of proof was upon the plaintiffs to show the contrary, and this must be shown by a preponderance of the evidence.
To this the appellants excepted.
The residue of his Honor's charge was not excepted to and is, therefore, not set out. The jury found in response to the issue "No," and the court rendered judgment dismissing the action and taxing the next friends with the costs, and they appealed.
The exceptions to the charge were taken in time (368) when set out in appellants' statement of case on appeal (Lowe v.Elliott, 107 N.C. 718), though it is better practice and fairer, both to appellee and appellant, to make such exceptions on a motion for a new trial, since if a slip has been made the judge may perhaps correct it and save parties the costs and delay of an appeal. McKinnon v. Morrison,104 N.C. 354.
We find no error in the charge in the particulars excepted to. There are many precedents to support it. It is true that, ordinarily, if insanity is found to exist, it is presumed to continue till the opposite is shown. S.v. Vann, 82 N.C. 631. But here the main contention in the action being as to the mental capacity of Larkin Smith, the preliminary action of the clerk in appointing next friends to conduct the proceeding is not such a finding as to change the burden of proof and prejudge the very question at issue.
While there is no specific exception to the judgment, any error therein which is apparent upon the face of the record the Court will take notice of and correct. Thornton v. Brady, 100 N.C. 38. The next friends are not parties to the action. Mason v. McCormick, 75 N.C. 263; George v. High,85 N.C. 113; Tate v. Mott, 96 N.C. 19. They are appointed by the court to act for and represent the real party in interest. The verdict and judgment having settled that Larkin Smith was compos mentis, the order appointing next friends was properly set aside. He then could have continued the action as to so much of it as asked to set aside the prior power of attorney to defendant, or have discontinued it. He elected to do the latter. The costs of the proceedings instituted in his behalf, and by order of the court, should, prima facie, be taxed against him. It is to be presumed that the order of the court appointing next *Page 262 
friends was made regularly, after due inquiry, and in the interest of Larkin Smith. He is the party plaintiff, in fact and in law, and appeared by next friends, who merely represented him, under the authority and appointment of the court. The Code, sec. 180. It is (369) contended, however, that though not strictly parties to the action, the next friends in the case at bar, in resisting the motion to discharge them, were in fact (virtually found by the verdict of the jury) resisting the will of Larkin Smith, a person of full age and competent to appear for himself; that such next friends officiously and unnecessarily caused themselves to be appointed, and that they, and not Larkin Smith should pay the costs incurred by their false clamor. There is some force in this suggestion. While "next friends" may not be embraced in the strict letter of The Code, sec. 535, they come within the purview of that section. It was held error to tax trustees of an express trust who are parties to an action with the costs unless the court had adjudged that they were guilty of "mismanagement or bad faith in such action," Smith v. King, 107 N.C. 273. A fortiori it is error to tax "next friends" who are not parties without at least a similar finding. This is not alleged here in the answer or found by the court. Indeed, the presumption, by virtue of their appointment by the court, is that they acted in good faith, and they cannot be liable to costs unless there is an express finding against them of the facts requisite to tax them with costs. An analogous rule obtains in criminal actions, as to which it is held that an order taxing a prosecutor with the costs is erroneous unless the court finds the facts which would authorize such order, and that the absence of such finding from the judgment would be an error apparent on the face of the record which the court would correct without assignment of error. State v. Roberts,106 N.C. 662. It is further held in the same case, that it is, notwithstanding, still open to the solicitor, when the case goes back for correction of the judgment, to move the court below that it pass upon the facts, the court not having found the facts either way so as to make its judgment a finality, but having simply omitted to find them.
We find no error, except in the judgment as to costs, which (370) should not have been awarded against the next friends without a distinct finding by the court "of mismanagement or bad faith" by them in the institution or conduct of the action. To the end that such fact may be passed upon by the court below, and the costs awarded in accordance therewith, the cause is remanded. The judgment in all other respects is affirmed.