STATE v. A. J. BAKER.

(APPEAL BY PROSECUTOR YOUNG).

*Prosecution of Criminal Action—Public Interest—Costs of Prosecution of Criminal Action, when prosecutor taxed with.*

1. A finding by the trial Judge that a prosecution of a criminal action "was not for the public interest" is equivalent to a finding that it "was not required by the public interest."

2. In such case the person marked as prosecutor on a bill before it was acted on by the grand jury was properly adjudged liable for the costs.

The defendant was indicted for disposing of mortgaged property, and, upon his trial before *Hoke, J.,* and a jury, at Fall Term, 1893, of WILSON Superior Court, was acquitted.

The Court found that the prosecution was not for the public interest, and adjudged that the prosecutor, C. A. Young, of the firm of C. A. Young & Bro., who was marked on the bill as prosecutor, should pay the costs, whereupon he appealed.

*The Attorney General,* for the State.
No counsel *contra.*

PER CURIAM: It was found by his Honor that the prosecution in this action "was not for the public interest," which was equivalent to a finding that it "was not required by the public interest." That is conclusive. *State v. Roberts,* 106 N. C., 662. The appellant, C. A. Young, was marked as prosecutor on the bill before it was acted on by

the grand jury, and it was proper under those circumstances that he should be adjudged to be liable for costs to the exoneration of the county.    *The Code,* §737 ; *State* v. *Hamilton,* 106 N. C., 660.                               Affirmed.