STATE v. W. B. JONES, et al.

*Notice to Prosecutor—Taxing Costs—Liabilities of Prosecutor.*

1. The notice required by Sec. 737 of *The Code* to be given to a prosecutor to show cause why he should not be marked as prosecutor and taxed with the costs of an unsuccessful prosecution, may be given on motion of the defendant's attorney.

2. Section 30 of *The Code*, which allows an attorney such time as he thinks necessary for the proper presentation of his client's case, applies only to the trial of criminal and civil actions, and does not apply to the arguments of counsel on motions and questions arising during the trial.

3. It is error to tax costs of defendant's witnesses against the prosecutor on a finding that the prosecution was malicious and not for the public good in the absence of a finding that the witnesses were proper for the defense.

4. Where the court below taxed the costs of an unsuccessful prosecution against the prosecutor without finding that the defendant's witnesses were proper for the defense, as required by Sec. 737 of *The Code*, judgment will be allowed to stand if the court below will make and certify requisite finding that the said witnesses were proper for the defense.

STATE *v.* JONES.

This was a CRIMINAL ACTION, tried before *Norwood, J.,* at March Term, 1895, of the Superior Court of MOORE county.

The defendants, W. B. Jones and Susan Burt, were indicted at December Term, 1895, of said Superior Court for fornication and adultery, and upon their trial at March Term, 1895, the jury returned a verdict of "not guilty." At the opening of said trial, counsel for the defendants gave notice in open court that, in case of an acquittal of the defendants, a motion would be made to mark as prosecutors, and tax with the costs, J. E. Phillips and T. H. B. Pierce, the said Phillips and Pierce being then present in court. The trial was completed on the 6th day of March, and on the same day, on motion of the defendants' counsel, and without the instance of the solicitor, his Honor made the following order in said cause:

"It is ordered by the court that T. H. B. Pierce and J. E. Phillips show cause, if any they have, on Thursday of the present Term (March 7th), why they should not be marked as prosecutors of record, and taxed with the costs in this action."

Notice of this order was served on said Pierce and Phillips, and on return day (March 7th) they entered, by their counsel, a special appearance, and moved to dismiss said motion, for that sufficient notice of said motion to mark as prosecutor and tax with the costs had not been given them; and upon the further grounds that the motion must be made at the instance of the solicitor, or at least with his approval. The court overruled the motion to dismiss, and the said Phillips excepted in apt time.

After hearing testimony, his Honor stated that he was convinced as to the controversy, from the testimony of all the witnesses in the case at the trial, the testimony of the witnesses for the State at this hearing, and the testimony

117—49

of the respondent Phillips himself, and that he did not desire to hear testimony of common reports, begun possibly by respondent himself; and he refused to hear further testimony of witnesses offered by respondent to show facts and circumstances going to prove that said prosecution was required by the public interest.    To all of which the respondent Phillips excepted.

The counsel employed by the respondent Phillips to represent him in said motion, then addressed the Court in reference to the law and facts in said case and, before the first attorney had concluded, his Honor refused to hear them further, and stopped the argument.    To all of which the respondent Phillips excepted.

His Honor then proceeded to find the following facts from the evidence :

1st.    That the defendant, W. B. Jones, was indebted to the respondent, J. E. Phillips, in a sum exceeding six hundred dollars, and that said Phillips had brought an action for the recovery of the same, and had failed to collect it.

2nd.    That said respondent, Phillips, had consulted his counsel, Mr. J. C. Black, an attorney of this Court, as to whether it would be advisable for said respondent to prosecute said W. B. Jones for fornication and adultery with the defendant, Susan Burt, and had asked his said counsel if such a course would not be a help to respondent in the collection of his said debt; and that said J. C. Black, his said counsel, advised said respondent not to take such a course, telling said respondent that if he did so he would injure his case, and said counsel protested against his instituting the prosecution.

3rd.    That afterwards said respondent, J. E. Phillips, did set on foot the prosecution of this case; and for that purpose he consulted with the solicitor for the State, and

induced the other respondent to go before the solicitor, and also before the grand jury, to find the bills of indictment.

4th. That said respondent, J. E. Phillips, employed counsel to assist the solicitor in the trial of the cause.

Upon these facts, his Honor adjudged as follows:

"It is, therefore, considered by the court that this prosecution was malicious, and that it was not required by the public interest; and it is ordered by the Court that said respondent, J. E. Phillips, be marked prosecutor on the record, and it is adjudged that he pay the costs of the cause, to be taxed by the clerk, including the fees of the defendants' witnesses, and said respondent is ordered into the custody of the sheriff until said costs be paid."

To all of which the respondent, J. E. Phillips, excepted and, for the errors assigned, appealed.

*The Attorney General*, for the State.

*Messrs. W. E. Murchison* and *Douglass & Spence*, for prosecutor.

FURCHES, J.: This was a motion and order of the Superior Court of MOORE County, taxing one Phillips with the costs of the State prosecution. W. B. Jones and Susan Burt were indicted, tried and acquitted. At the conclusion of the trial the court ordered notice to be given to said Phillips to appear on the next day and show cause why he should not be marked as prosecutor and taxed with the costs of the prosecution. Notice of this motion was served on Phillips and on the day fixed by the order said Phillips, by attorney, entered a special appearance and moved to dismiss for the reasons that he had not been properly served and that the motion was made by the counsel of defendant Jones, when it could only be made by the solicitor or by his approval.

Neither of these objections can be sustained.   The Act of 1874, amended by the Act of 1879, *Code*, Section 737, authorized the court, upon notice, to mark Phillips prosecutor after the prosecution had ended.   The object of notice is only to give the party a·day in court, and it matters not how he gets the notice, if he appears and defends under it.   This may be done on motion of defendant's counsel or by the court of its own motion.   *State* v. *Hamilton*, 106 N. C., 660.   The court should find the facts: That was done in this case, and the findings are not reviewable in this Court.   *State* v. *Hamilton, supra ; State* v. *Roberts*, 106 N. C., 662, and *State* v. *Owens*, 87 N. C., 565.

But Mr. Phillips, through counsel, makes the further objection that his Honor after hearing his evidence would not hear evidence of the reports in the neighborhood ; and that the court stopped his counsel before he had said all he wished to say in his behalf, and insists that this is in violation of Section 30 of *The Code.*   We do not think so. This section only applies to the trial of criminal or civil *actions.*   It does not apply to the argument or discussion which may and often does arise upon motions and questions during the progress of a trial.   And it is well it does not.   Were this so, in some counties we are satisfied it would be almost impossible to do the business of the court.

Neither do we think the other objection can be sustained. The court was the trier. of the facts upon the question before it—not issue of fact but question of fact.   The court had heard Phillips' witnesses as to facts  and Phillips himself, and makes his findings from all the evidence including that of Phillips.   And after hearing all this, we do not think we can say it was error in the court not to prolong the matter, and hear evidence  as to the reports in the neighborhood.

But the court after finding that the prosecution was frivolous and malicious and not for the public good without finding that defendant's witnesses were proper for the defence, ordered that Phillips should pay the costs of the prosecution, including defendant's witnesses and to this Phillips objects. *The Code*, Sec. 737, requires that the Judge shall certify that they were proper for the defence, and we are unable to find where this question has ever been presented or directly passed upon by this Court. In *State* v. *Owens*, 87 N. C., 565, which was an order taxing a prosecutor with costs, it includes such witnesses for the defence as are certified by the counsel to have been proper for the defence, and this Court approved that judgment. But this was not the point in the appeal and was only incidentally presented. Also *State* v. *Massey*, 104 N. C., 880. The case of *State* v. *Roberts*, 106 N. C., 662, which was also a judgment taxing the prosecutor with the costs, but did not find and certify that the prosecution was frivolous, malicious or was not for the public good. This Court held that this judgment was erroneous, and that the statute only allowed a party to be taxed as prosecutor with the costs upon the finding of these facts.

In this case it is found that the prosecution was frivolous, malicious and not for the public good, but it fails to find that defendant's witnesses were proper for the defense, and reasoning in this case from analogy to the point decided in Roberts' case, *supra*, we must hold there was error in that part of the judgment that taxed the prosecutor Phillips with defendant's witnesses. But the Court say in Roberts' case the prosecutor is not necessarily relieved from this cost, if the court below should find the facts required by the statute authorizing the order. So we say in this case, that, if the court below will find and certify that these witnesses were proper for defendant's defence,

the judgment may stand ; if not, it must be modified so as not to tax the prosecutor with the witnesses for the defence.

Modified and Affirmed.