## STATE v. BUTTS.

(Filed February 16, 1904).

APPEAL—*Justice of the Peace—Costs—The Code, secs. 548, 895, 3756.*

> An appeal from an order of the superior court remanding a case to a justice to find the facts relative to taxing a person with the costs as prosecutor is premature.

INDICTMENT against W. H. and J. H. Butts, heard by *Judge Frederick Moore,* at June Term, 1903, of the Superior Court of HALIFAX County. From an order remanding the case to a justice of the peace the prosecutor appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Day & Bell,* for the prosecutor.

CLARK, C. J. The defendants were tried before a justice of the peace for an offense within his jurisdiction. He adjudged the defendants not guilty, and that the prosecution was frivolous and malicious, and that "J. O. Heptinstall pay the costs of the action." In such cases The Code, section 3756, requires that the costs be taxed "against the complainant or prosecutor." J. O. Heptinstall was one of the witnesses for the prosecution, but the warrant had been issued upon the affidavit of J. W. Heptinstall, another witness. From such order taxing him with the costs J. O. Heptinstall appealed to the Superior Court. The Judge remanded the case to the justice of the peace with directions to serve notice upon J. W. and J. O. Heptinstall "to show cause why one or the other should not be marked prosecutor" and taxed with the costs, and further ordered that "said justice of the peace shall find the facts and reform his judgment in accordance therewith" and make return to the Court. From this order,

and also from the refusal to set aside the order of the justice taxing him with the costs before such finding returned by the justice, J. O. Heptinstall appealed to this Court.

The appeal is premature. In execution of said order the justice may find the facts in favor of said J. O. Heptinstall and reform the judgment accordingly, which would render this appeal useless. The appellant should have noted his exception, and if the justice should find the facts against him they would be reviewable by the Judge. *State v. Murdock*, 85 N. C., 598; *State v. Powell*, 86 N. C., 640. The Judge's findings of fact would be binding upon us, and no appeal would lie except upon the ruling of. law upon such finding. *State v. Hamilton*, 106 N. C., 660; *State v. Morgan*, 120 N. C., 563. Here the Judge has made no ruling except the very proper one that the justice must find the fact whether J. O. Heptinstall was the real prosecutor. In *State v. Roberts*, 106 N. C., 662, where the appellant was taxed in the Superior Court with costs without a sufficient finding of facts, this Court held that this was error, but that the Superior Court, at a subsequent term could still investigate the matter, either on motion of the Solicitor, or *ex mero motu* even, and find the facts and tax the prosecutor with the costs if justified by such finding of facts. This was cited and approved in *State v. Sanders*, 111 N. C., at p. 702.

As under The Code, section 895, the costs in such cases can in no event be taxed against the county (*Merrimon v. Commissioners*, 106 N. C., 369), and if the prosecution is frivolous and malicious (as here adjudged) the costs are taxable against the "prosecutor or complainant" (The Code, section 3756), it is but just that the matter should be re-referred to the justice to ascertain who was the prosecutor, unless the Judge had chosen to find that fact himself, as he might have done. The absence of J. W. Heptinstall doubt-

less caused him to remand to the justice to find the facts upon notice to both J. O. and J. W. Heptinstall. Though the affidavit was made by J. W. Heptinstall, it may be that J. O. Heptinstall was the real prosecutor, and the facts should be found.

The appeal is premature, for there has been no judgment of the Superior Court affecting a substantial right and authorizing an appeal. The Code, section 548.

Appeal Dismissed.